**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X
                              :
YOLANDA VASQUEZ, on behalf of herself and :
all others similarly situated,                  :
                              :
             Plaintiff,               : Civil Action No.
                              :
vs.                                  : **CLASS ACTION COMPLAINT AND**
                              : **JURY TRIAL DEMAND**
ALLIED INTERSTATE LLC,           :
                              :
             Defendant.             :
                              :
——————————————————— X

Plaintiff YOLANDA VASQUEZ (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, alleges against the above-named Defendant ALLIED INTERSTATE LLC (hereinafter "Defendant"), its employees, agents, and successors, the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Essex County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant ALLIED INTERSTATE LLC ("ALLIED") is a limited liability company organized under the laws of the State of

Minnesota with its principle place of business located in Columbus, Ohio.

9.     Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).


## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a class action. The Class consists of:

•     All New Jersey consumers who were sent collection letters and/or notices from Defendant ALLIED INTERSTATE LLC seeking to collect on a student loan debt, which included the alleged conduct and practices described herein.

• The Class period begins one year prior to the filing of this Action.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•     Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or

3

thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA.

    b.  Whether the Defendant were seeking to collect on a time-barred debt;

    c.  Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    d.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    e.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

4

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire
  Class, thereby making appropriate final injunctive relief or
  corresponding declaratory relief with respect to the Class as a whole.

**STATEMENT OF FACTS**

13.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15.     Defendant  is  a "debt collector" as defined by 15 U.S.C. §1692a(6).

16.     Sometime prior to March 2, 2018, Plaintiff allegedly incurred a financial obligation to Navient or its predecessor related to Plaintiff's student loan related to the Sanford Brown Institute.  ("the Student Loan obligation").

17.     The Student Loan obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18.     The alleged Student Loan obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.     Navient and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20.     Sometime prior to March 2, 2018, Navient, either directly or through intermediate transactions assigned, placed or transferred the Student Loan obligation to Defendant for collection.

6

21.     At the time the Student Loan obligation was assigned, placed or transferred to Defendant, the Student Loan was obligation in default.

22.     Defendant caused to be delivered to Plaintiff a letter dated March 2, 2018 concerning the alleged Student Loan obligation, which sought to collect an amount owed of $43,131.04.  Attached as Exhibit A is a copy of the March 2, 2018 collection letter.

23.     The March 2, 2018 letter was sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24.     The March 2, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25.      Upon receipt, Plaintiff read the March 2, 2018 collection letter.

26.     The March 2, 2018 collection letter identified the original Creditor as Bank SNB, but "Bank SNB" does not appear to be the true name of the original creditor.

27.     The March 2, 2018 collection letter offered to accept $2,655.05 as full settlement of the $43,131.04 Amount Due.

28.     The Student Loan obligation was originally taken out on or about May 11, 2005.

29.     The last payment made on the Student Loan by Plaintiff was on or about April 23, 2010, with no further monthly payments being made.

30.     The Amount owed of $43,131.04 in the March 2, 2018 collection letter includes interest, collection charges, late charges and/or other charges which Defendant was not entitled to collect on behalf of Navient from Plaintiff.

31. Since the date of last payment was April 23, 2010, the applicable six-year statute of limitations related to the Student Loan obligation expired prior to March 2, 2018.

32. The March 2, 2018 letter does not inform Plaintiff that the applicable statute of limitations had expired and therefore any legal liability to the Student Loan obligation has also already expired.

33. Defendant's use of the term "full settlement" and "settlement offer" would imply to the least sophisticated consumer that the Student Debt obligation was legally enforceable despite the fact that the statute of limitations had already passed.

34. Defendant regularly sent collection letters to New Jersey consumers that included a demand for an amount that was greater than the amount actually due at the time the collection letters were sent.

35. Based upon information and belief, Defendant regularly sent letters seeking to collect student loan debts which were time-barred.

36. Based upon information and belief, Defendant regularly sent letters seeking to collect debts, which were time-barred and did not inform the consumer that the applicable statute of limitations had passed.

37. The Federal Trade Commission has determined that "most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the

8

United States, requiring that it disclose to consumers when it is attempting to collect debts that are time-barred by the statute of limitations.  United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC, Case No.; 8:12-cv-182-T-27EAJ (M.D.Fla)

38.    Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

39.    Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

40.    Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

41.    Defendant violated Plaintiff's right to a trustful and fair debt collection process.

42.    Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding the expiration of the statute of limitations, and the effect of making a payment on the debt, could reset the statute of limitations.

43.    Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

44.    Defendant's March 2, 2018 collection letter which provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

45.    Defendant's communications were designed to cause Plaintiff to suffer a

harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

46.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

47.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

48.     Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

49.     The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

50.     Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

51.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

52.     It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) By making false representations of the character or legal status of a debt; and

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

53.     On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

54.     Plaintiff repeats the allegations contained in paragraphs 1 through 53 as if the same were set forth at length.

55.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

56.     By sending a collection letter, the same as or substantially similar to the March 2, 2018 collection letter, in which the collection letter, among other things, sought to collect on a time-barred debt, failed to give the original creditor's real, sought to collect more interest, fees, collection charges and/or other charges  Defendant violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.   15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.   15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D.   15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or this is not intended to be taken;

E.   15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F.   15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

G.   15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

Dated:   Rutherford, New Jersey
        March 4, 2019

                                Respectfully submitted,


                          By: s/ Lawrence C. Hersh
                             Lawrence C. Hersh, Esq.
                             17 Sylvan Street, Suite 102B
                             Rutherford, NJ  07070
                             (201) 507-6300
                             *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

      I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: March 4, 2019           By: s/ Lawrence C. Hersh
                             Lawrence C. Hersh, Esq

EXHIBIT A

# **Allied**Interstate

**LLC**

888-253-3108

March 2, 2018

Yolanda Vasquez

███████████

Re:    Original Creditor: BANK SNB
       Creditor: Navient
       Amount Owed: $43,131.04
       Allied Interstate Account No.: ███3990

Dear Yolanda Vasquez :

We are a debt collection company and Navient has contracted with us to collect the debt noted above. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please refer to the enclosed Account Listing for detail regarding your account(s).

As of the date of this letter, the Amount Owed is $43,131.04. Because the creditor continues to assess interest on the debt, the amount due on the day you pay may be greater. Hence, if you pay the Amount Owed shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you of any remaining balance. To make a payment, please call us at 888-253-3108 between the hours of 8 AM. to 10 PM. Mon-Fri ET or mail your payment to us using the coupon on the reverse side of this letter.  Our client processes some payments electronically and your checking account may be debited on the day your payment is received.

At this time, our client is willing to accept payment in the amount of $2,655.05 as full settlement of this debt, including any interest assessed between the date of this letter and the date of 03/23/2018. You can take advantage of this settlement offer if we receive payment of this amount or if you make another mutually acceptable payment arrangement by the date of 03/23/2018. We are not obligated to renew this offer.

We look forward to assisting you in resolving this matter.

Sincerely,
Allied Interstate LLC

**SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION**

19333990  ED1606  652/2

P.O. Box 361347, Columbus, OH 43236
advocacygroup@allied-interstate.com
(800)-811-4214 (9:00 AM – 6:00 PM ET)

--------------------------------------------------
(Detach and return with payment)

RETURN MAIL ONLY
P. O. Box 1954
Southgate, MI  48195-0954

3990

Yolanda Vasquez
24 Hillside Ave Apt A6
Montclair, NJ 07042-2140

Allied Interstate LLC
P.O. Box 361347
Columbus, OH 43236-1347

757016021730    652/1